## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**KIMBERLY HUNT-BROWN,**

      **Plaintiff,**

**v.**                                                            **1:23-cv-00782 WJ-KK**

**NEW MEXICO GENERAL SERVICES DEPARTMENT,
and VALERIE PAULK, EUNICE MOYA, JENNIFER
MORFIN, VANESSA LEBLANC, and NATALIE MARTINEZ
In their individual and official capacities,**

      **Defendants.**

## STIPULATED CONFIDENTIALITY ORDER

**THIS ORDER** comes before the Court upon the parties' stipulation to the need for a protective order regarding the confidentiality of certain information, and the Court being fully advised in the premises, **FINDS:**

Plaintiff has sought in discovery information about non-parties that the parties agree should be held confidential. Specifically, Plaintiff makes a claim for failure to promote and seeks personnel information for other applicants and those hired for particular positions. Further, Plaintiff's medical records and other documents containing protected health information may be produced in this action. The information of these non-parties should be protected as follows.

      **IT IS THEREFORE ORDERED:**

1.      Any party may designate any information and any documents, including medical records, personnel files, documents, files, or other publications and papers "CONFIDENTIAL."

2.      Counsel may inspect or request photocopies of CONFIDENTIAL information or documents produced by a party or anyone else, provided that the counsel or party duplicating CONFIDENTIAL documents shall maintain a record of the documents that are copies.

Information and documents shall not lose their CONFIDENTIAL status if they are commercially photocopied or duplicated.

3.    No one may disseminate or distribute CONFIDENTIAL information or documents to persons who are not authorized to use them or view them pursuant to the terms of this order.

4.    The CONFIDENTIAL information, documents, summaries of, or exhibits made from the information or documents shall not be available for inspection by any individuals other than the parties, counsel for the parties, persons employed by counsel for the parties, and/or consultants and expert witnesses retained by counsel for the parties.  Unless challenged under the process stated below, a witness may review CONFIDENTIAL information or documents produced by that witness or produced in this litigation to the extent necessary to obtain that witness's testimony or opinions in this litigation, but the documents shall not lose their CONFIDENTIAL status in the course of such use, and the witness must abide by the terms of this Order.

5.    Any party may challenge the designation of any information and/or other document as CONFIDENTIAL.  The party challenging a designation of information or documents as CONFIDENTIAL must do so in writing to all parties within fifteen (15) business days of receiving the document.  If the parties cannot resolve the challenge amongst themselves, the challenging party may file a motion for determination of the issue with the Court.  The party claiming confidentiality shall have the burden of proving such confidentiality before the Court.  The information and/or document's CONFIDENTIAL status continues unless and until the Court rules the document is not confidential.

6.    Any party may challenge the disclosure to witnesses and other unauthorized persons of any information and/or document that is CONFIDENTIAL.  The party challenging the disclosure must do so in writing to all parties within fifteen (15) business days of learning of the

challenged anticipated disclosure.  If the parties cannot resolve the challenge amongst themselves. The challenging party may file a motion for determination of the issue with the Court.  The party claiming confidentiality shall have the burden of proving such confidentiality before the Court. The information and/or document's CONFIDENTIAL status continues unless and until the Court rules the document is not confidential.

7.    Counsel shall, prior to allowing anyone outside of parties, counsel, or counsel's employees to view or obtain copies of the CONFIDENTIAL information, documents, summaries, and exhibits thereof, obtain from that person a written agreement that such person is bound by the terms of this order.  This requirement may be satisfied by obtaining the signature of any such person on a copy of this order, after explaining the contents and meaning of this order to such person.  A copy of the document signed by the individual shall be produced to any requesting counsel in a timely manner.

8.    Counsel shall maintain a list of the names of all persons to whom CONFIDENTIAL information and/or documents is disclosed until further order of the Court or until six (6) months after dismissal of this lawsuit, whichever occurs first.  That list need not include the parties themselves, the parties' counsel, or any certified court reporter that takes any deposition in this matter.

9.    Any notes, memoranda, identification, or index quoting, describing, or referencing the contents of the CONFIDENTIAL information or documents shall be considered CONFIDENTIAL to the same extent as the information or document produced or discovered pursuant to this Order.

10.    CONFIDENTIAL information and documents may be used at depositions in this matter, so long as pages from the deposition quoting or discussing CONFIDENTIAL information or documents, or their contents, are considered CONFIDENTIAL.

11.    The parties acknowledge that this Order does not entitle them to seal confidential information filed with the Court.  In the event a party seeks to file any document containing CONFIDENTIAL information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration

within the fourteen-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied

   12.  CONFIDENTIAL information and documents may only be used for this suit.  At the conclusion of this litigation and following the expiration of all appeal deadlines, all documents that are the subject of this Order shall be destroyed (shredded) or returned to counsel for the producing party.  After destroying or returning the CONFIDENTIAL documents and information and if requested by the producing party, counsel who received the CONFIDENTIAL documents and information shall provide written certification to counsel for the producing party that the documents and information were destroyed or returned and that no copies, including copies provided to any other person, have been retained.  Any privileged or work product notes, lists, memoranda, indices, compilations, or other work product prepared by counsel, their staff, consultants, or expert witnesses which regard or incorporate CONFIDENTIAL information or documents shall either remain in counsel's actual possession or be destroyed and shall not be used in any other matter.

_____
The Honorable Kirtan Khalsa
United States Magistrate Judge


Submitted by:

By: /s/ Eric Loman
    Eric Loman
    Counsel for Defendant


Approved by:

By: /s/ Approved via email on Sept. 27, 2024
    Heather Burke
    Counsel for Plaintiff