**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


**KIMBERLY HUNT-BROWN**


       **Plaintiff,**

**vs.**                                         **Civ. No. 23-cv-00782 SMD-KK**


**NEW MEXICO GENERAL SERVICES DEPARTMENT,**

**And VALERIE PAULK, EUNICE MOYA, JENNIFER MORFIN,**

**VANESSA LEBLANC, AND NATALIE MARTINEZ,**

**In their individual and official capacities**

       **Defendants.**


<u>**DECLARATION OF KIMBERLY HUNT-BROWN**</u>


STATE OF NEW MEXICO  )

                          )SS.

COUNTY OF SANTA FE    )


1. My name is Kimberly Hunt-Brown. I am over 18, and I am competent to give the testimony stated herein.

2. The information provided herein is within my own personal knowledge.

3. I have worked for the General Services Department for over 11 years.

4. I started in my current position of Purchasing Agent (Procurement Specialist II) on August 12 2017.

5. I suffer from Multiple Sclerosis and severe, often debilitating, migraines.

1

6. In January through March 2023, my FMLA certification was repeatedly rejected by Defendants and I was denied FMLA protected leave.

7. I attempted to continue to designate my absences as FMLA covered, and to give notice of my need for leave despite the certification issues.

8. On March 1, 2023, I was marked AWOL by Defendants Paulk and Martinez for an absence that I had given notice was FMLA covered.

9. AWOL is an adverse action that can subject me to further discipline.

10. At the time of this absence on March 1, 2023, I had paid leave available that I intended to use for this absence, but was prevented from doing so by Defendants interference with my FMLA.

11. I have been prejudiced by Defendants' interference with my FMLA rights by loss of pay, accrual and use of benefits, expensive legal costs and did not take FMLA leave I otherwise would have taken for fear of adverse consequences and only took it when I absolutely had to.

12. I was not allowed to take FMLA protected time until after March 30, 2023 and getting this resolved required retaining an attorney before Defendant Moya finally certified my 2023 FMLA year.

13. No one at GSD asked me whether I wanted my leave retroactively designated or whether I had been harmed by their failure to timely designate my leave. GSD unilaterally retroactively designated my leave as they desired, inaccurately and without my input.

14. My migraines' duration and intensity are worsened by stress.

15. In March 2024, my mother was dying in hospice care in Ohio which was extremely stressful for me.

16. On March 11 2024, Defendants Moya and Morfin informed me that I was no longer allowed more than 4 FMLA absences a month.

17. Defendants Moya and Morfin began denying me FMLA leave on March 18.

18. Defendants Moya and Morfin told me that I could not use my available donated paid leave if I wasn't taking it as FMLA leave.

19. This forced me to take unpaid and unprotected leave for my FMLA qualifying absences while my mother was dying and after she passed.

20. I took FMLA Qualifying leave on March 18, 20, 22, 26, April 19, 29, and 30, but was forced to take Leave without Pay on all of these dates.

21. Being forced to take so much unpaid time off in March and April 2024 was a tremendous hardship, particularly in conjunction with my extra travel costs to attend my mother's funeral in April 2024.

22. I was also denied FMLA leave for the doctor's appointment on April 29, 2024 that I made to obtain recertification as required by my employers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2025.

_(signature)_