IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIMBERLY HUNT-BROWN

Plaintiff,

vs.                                                     Civ. No. 23-cv-00782 SMD-KK

NEW MEXICO GENERAL SERVICES DEPARTMENT,

And VALERIE PAULK, EUNICE MOYA, JENNIFER MORFIN,

VANESSA LEBLANC, AND NATALIE MARTINEZ,

In their individual and official capacities

Defendants.

## THIRD DECLARATION OF KIMBERLY HUNT-BROWN

STATE OF NEW MEXICO   )
                      )SS.
COUNTY OF SANTA FE    )

1. My name is Kimberly Hunt-Brown. I am over 18, and I am competent to give the testimony stated herein.

2. The information provided herein is within my own personal knowledge.

3. I have worked for the General Services Department for over 11 years.

4. I hold an MBA degree.

5. I started in my current position of Purchasing Agent (Procurement Specialist II) on August 12 2017.

1

6. I am extremely familiar with the state procurement process and code.

7. I suffer from Multiple Sclerosis and severe, often debilitating, migraines.

8. On the days where my migraine medication is successful in aborting my migraine, I still experience side effects such as sensitivity to light, sound, movement and depth perception which make it unsafe for me to operate a motor vehicle, but I am otherwise able to sit at a desk and work on a computer.

9. Everyone at State Purchasing knew that I continued to work from home as an accommodation after February 2023, and therefore knew I had a disability.

10. I was marked AWOL, denied the use of available paid time, and denied promotions because of my FMLA protected absences.

11. In 2023, my FMLA recertification was denied for 2.5 months by Kelly Howley and Eunice Moya.

12. Eunice Moya supervised both Kelly Howley and Jennifer Morfin, and was copied on their FMLA communications with me.

13. During that time, I was told I did not have the right to invoke FMLA protection.

14. On or around March 1, 2023, I had 26.83 hours of annual leave, 3.87 hours of sick leave and 16 hours of personal leave available for my FMLA covered absence.

15. Instead, Defendants Moya, Paulk and Martinez would not allow me to used paid time, marked me LWOP and AWOL.

16. Because my FMLA protected absences cause me to fall behind in my work, I have been placed on an informal Performance Improvement Plan which requires me to meet with my supervisor every week.

17. Because I was denied FMLA leave, and marked AWOL for trying to take it, I did not take leave I otherwise would have taken.

18. I had to retain an attorney just to get my FMLA approved in 2023.

19. The email from Jennifer Morfin claiming to be a "polite reminder" was the first time Defendants had ever suggested that I was limited in the number of times I could take FMLA leave in a month.

20. I was not allowed to use available donated leave for absences which I was also denied FMLA leave for.

21. My mother was dying in hospice care in Ohio in March 2024.

22. When I applied to work at State Purchasing, and when I accepted my current position, nothing in the job description or any of my hiring paperwork stated that 100% in person work was required of my position.

23. I was approved to continue working from home on a full time basis in February as a "trial period" for my accommodation. My understanding was that if there had been no issues during that time, I would be allowed to continue if needed.

24. I did not submit any request to continue full time teleworking because of Covid sensitivity in July or August of 2023 as I did not feel I needed to telework full time any longer.

25. During the nearly 3 years I was teleworking full time there was no question that I was in attendance of my job, and in compliance with the code of conduct.

26. The alleged interactive process meeting on July 31 was not interactive and was about a full time telework accommodation I was not seeking, and I had already been told that it was being denied before the meeting. I raised the issue of my request for

3

intermittent telework for my migraine, but no interactive process took place for that request.

27. Before the meeting, I informed Defendant Moya that I was requesting an intermittent telework accommodation for my migraines.

28. Defendants never worked with me in an attempt to find any alternate accommodations after my request to telework occasionally was denied.

29. Even while working in person in Santa Fe, my supervisors communicate through email, and hold our meetings remotely. I am rarely, if ever, physically supervised.

30. Valerie Paulk supervised me throughout the time we worked together, not just when Natalie Martinez took her leave of absence.

31. I applied multiple times for open IT Procurement Positions because I am qualified for them and they are a promotion from my current position.

32. I know that my coworkers Tami Concha and James Ortega both applied for #2972 and neither were offered the position.

33. I have personal knowledge that Tami Concha is 53 or 54 years old.

34. Andric Fisher had no state procurement experience when he was hired as an IT Procurement Specialist for #2972.

35. I know that Amber Sanchez, James Ortega and myself all applied for #49191.

36. I have been prevented from working on IT procurements by my managers.

37. I was honest in my interview that I had not had the chance to work on any IT procurements, but that I knew they were not much different from the procurements I had been doing for years.

4

38. Compliance officers are not buyers and do not work on procurements as part of their normal duties. It is very unusual that Amber Sanchez was given IT procurement experience while she worked as a compliance officer.

39. I was 63 at the time I interviewed for these positions.

40. Private loan companies, such as Regional Finance, do not work with the procurement code, and have no contracts with the state.

41. I have requested the VPN logs so that I can discover exactly who is working remotely at GSD, but Defendants have both stated that there are too many records, and also that they do not exist at all. I require these records to show that telework is a reasonable accommodation, as it is already clear that they allow others to telework while misrepresenting to this Court that they don't.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 2, 2025.

5