**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**KIMBERLY HUNT-BROWN,**

     **Plaintiff,**

**v.**                               **Case No. 1:23-cv-00782 SMD-KK**

**NEW MEXICO GENERAL SERVICES DEPARTMENT, et al**

     **Defendants.**

## DEFENDANTS' REQUESTED JURY INSTRUCTIONS

Defendants, by and through counsel, respectfully request the Court give the following instructions at trial.

| | | | Given? | |
|---|---|---|---|---|
| **Pg#** | **Description** | **Stip** | **YES** | **NO** |
| 3-4 | 1.1: Instructions for Beginning of Trial | | | |
| 5-6 | 1.2: Preliminary Instructions to Jury | | | |
| 7 | 2.1: First Recess | | | |
| 8 | 2.2: Stipulated Testimony | | | |
| 9 | 2.3: Stipulations of Fact | | | |
| 10 | 2.4: Judicial Notice | | | |
| 11 | 2.6: Limiting Instruction | | | |
| 12 | 2.9: Witness Not Called (if needed) | | | |
| 13 | 2.11: Impeachment by Witness's Inconsistent Statements | | | |
| 14 | 3.1: Jury Charge Members | | | |
| 15 | 3.2: Burden of Proof: Preponderance of the Evidence | | | |

| 16 | 3.3: Evidence | | | |
| 17 | 3.4: Witnesses | | | |
| 18 | 3.6: No Inference from Filing Suit | | | |
| 19 | 3.7: Duty to Deliberate; Notes | | | |
| 20 | 13-2307: Human Rights Act Violation (serious medical condition) (failure to promote). | | | |
| 21 | 13-2307(C): Discrimination Based on Serious Medical Condition or Disability (failure to promote). | | | |
| 22 | 13-2307(J) "Otherwise Qualified" Defined. | | | |
| 23 | 13-2307: Human Rights Act Violation (serious medical condition) (hostile work environment)l | | | |
| 24 | Discrimination Based on Serious Medical Condition or Disability (hostile work environment) | | | |
| 25 | 13-2307: Human Rights Act Violation (serious medical condition) (failure to accommodate) | | | |
| 26-27 | UJI 13-2307D: Failure to Accommodate. | | | |
| 28 | 9:13 3rd Cir. Reasonable Accommodation: Undue Hardship. | | | |
| 29 | 11:11 5th Cir. Pattern Jury Instruction, Retaliation | | | |
| 30 | 11.19 Interference with FMLA | | | |
| 31 | FMLA Interference-Elements | | | |
| 32 | FMLA Interference-Adverse Action | | | |
| 33 | 11.23 FMLA Damages-Losses Other than Wages | | | |
| 34 | 13-2307: Human Rights Act Violation (Age). | | | |
| 35 | 13-2307(A): Race, Gender and Other Discrimination Under the New Mexico Human Rights Act (modified); 13-2307(J) "Otherwise Qualified Defined." | | | |
| 36 | Minimum Wage Act | | | |

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on

3

to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Fifth Circuit Pattern Jury Instructions (Civil Cases) § 1.1  (2020) (hereafter "5th Cir. PJI")

**DEFENDANTS' REQUESTED INSTRUCTION NO. \_\_\_**

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text  or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom

and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present her case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. **Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.**

**Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.**

**It is now time for the opening statements.**

5th Cir. PJI  No. 1.2

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

5th Cir. PJI  No. 2.1

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony.

Stipulated testimony must be considered in the same way as if that testimony had been received here in court.

5th Cir. PJI  No. 2.2

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

5th Cir. PJI  No. 2.3

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

You must accept as proved facts of which the court takes judicial notice. The court has taken judicial notice that [state the facts].

5th Cir. PJI  No. 2.4

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

5th Cir. PJI No. 2.6

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

[Name of witness] was available to both sides. Neither party can now complain that [name of witness] was not called to testify, because either party could have called [name of witness].

5th Cir. PJI  No. 2.9

### DEFENDANTS' REQUESTED INSTRUCTION NO. ___

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

5th Cir. PJI  No. 2.11

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

5th Cir. PJI  No. 3.1

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

Plaintiff Kimberly Hunt-Brown has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Kimberly Hunt-Brown has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

5th Cir. PJI  No. 3.2

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

5th Cir. PJI  No. 3.3

16

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

5th Cir. PJI  No. 3.4

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

5th Cir. PJI  No. 3.6

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson] [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your [jury foreperson] must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the [jury foreperson] should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

5th Cir. PJI  No. 3.7

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

In this case you must determine whether Defendants violated a statute known as the New Mexico Human Rights Act. An employer violates the Human Rights Act if it fails to promote an employee based on an employee's serious medical condition.

Plaintiff Kimberly Hunt-Brown claims that New Mexico General Services Department ("GSD"), Eunice Moya, Valerie Paulk, and Natalie Martinez discriminated against her based on her serious medical condition by failing to promote her on six different occasions.

GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez deny this claim because the majority of interviewers did not even know that she had a serious medical condition and because the candidates they selected interviewed better and had experience better suited to the positions. Interview performance is a legitimate nondiscriminatory reason for a hiring decision.

U.J.I. 13-2307 NMRA (modified); *Ford v. Jackson Nat'l Life Ins. Co.,* 45 F.4th 1202, 1216 (10th Cir. 2022).

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

To establish that GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez discriminated against Kimberly Hunt-Brown based on serious medical condition, Kimberly Hunt-Brown has the burden of proving the following:

(1) that Kimberly Hunt Brown's Multiple Sclerosis and migraines qualify as a serious medical condition;

(2) that Kimberly Hunt-Brown suffers from Multiple Sclerosis and migraines;

(3) that Kimberly Hunt-Brown was otherwise qualified, as defined in these instructions;

(4) that GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez knew of Kimberly Hunt-Brown's serious medical condition;

(5) that Kimberly Hunt-Brown's serious medical condition was a motivating factor in GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez's failure to promote Kimberly Hunt-Brown.

If you find that Kimberly Hunt-Brown has not established each of these elements, you must find for GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez on Kimberly Hunt-Brown's discrimination claim based on serious medical condition.

U.J.I. 13-2307 (C) NMRA

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

    A person is "otherwise qualified" if the person is able to do the job in spite of that person's serious medical condition.

U.J.I. 13-2307 (J) NMRA

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

In this case you must also determine whether Defendants violated the New Mexico Human Rights Act by exposing Kimberly Hunt-Brown to a hostile work environment. An employer violates the Human Rights Act if it exposes an employee to a hostile work environment based on the employee's serious medical condition. A hostile work environment is a workplace permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the employee's employment and create an abusive working environment.

You may consider the alleged conduct's frequency and severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with the Plaintiff's work performance. Petty slights, minor annoyances, and simple lack of good manners do not amount to a hostile work environment.

Plaintiff Kimberly Hunt-Brown claims that New Mexico General Services Department ("GSD"), Eunice Moya, Valerie Paulk, and Natalie Martinez discriminated against her based on her serious medical condition by exposing her to a hostile work environment

GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez deny this claim and state Plaintiff was not subjected to any severe or pervasive conduct that altered the terms of her employment or created an abusive environment.

UJI 13-2307 (modified); *Gerald v. Locksley*, 784 F.Supp.2d 1074, 1119 (D.N.M. 2011)(citing *Sandoval v. City of Boulder*, 388 F.3d 1312, 1327 (10th Cir. 2024); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Burlington N. & Santa Fe. Ry. Co. v. White*, 548 U.S. 53, 68 (2006)

**DEFENDANTS' REQUESTED INSTRUCTION NO._____**

Kimberly Hunt-Brown has alleged that she was subjected to a hostile work environment based on her serious medical condition. In order to prove her claims of a hostile work environment, Kimberly Hunt-Brown must prove each of the following:

(1) The conduct complained of was unwelcome;

(2) The conduct complained of was offensive;

(3) The conduct complained of was directed at Kimberly Hunt-Brown because of her serious medical condition;

(4) The conduct complained of was sufficiently severe or pervasive to alter the terms and conditions of the Kimberly Hunt Brown's employment by creating an abusive working environment; and

(5) GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez knew or should have known about the conduct to which Kimberly Hunt-Brown was subjected and failed to implement reasonably prompt and appropriate corrective action.

42 U.S.C. § 2000e-2(a); 29 C.F.R. § 1604.11; *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 81 (1998); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986); *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-89 (1998); *Harrison v. Eddy Potash, Inc.*, 248 F.3d 1014, 1022 (10th Cir. 2001).

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

The Human Rights Act requires an employer to provide an accommodation to an employee with a serious medical condition unless the accommodation is unreasonable or an undue hardship to the employer.

Kimberly Hunt-Brown alleges that the New Mexico General Services Department ("GSD"), Eunice Moya, Valerie Paulk, and Natalie Martinez failed to reasonably accommodate her migraines by denying her request to work from home on the days that she had a migraine, and her medication affected her balance, depth perception, and ability to drive for that day.

GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez deny this claim because requests to work remotely are not, as a matter of law, reasonable accommodations. GSD will provide reasonable accommodations to Kimberly Hunt-Brown 's workplace but are not legally required to permit her to work from home.

U.J.I. 13-2307 NMRA (modified); 5th Cir. PJI No. 11.0(B) (modified); *Duffee v. T-Mobile USA, Inc.*, 1:23-cv-536 MIS/LF (D.N.M.) (October 2, 2023); *Punt v. Kelly Servs.*, 862 F.3d 1040, 1050-51 (10th Cir. 2017),

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

Kimberly Hunt-Brown claims that GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez failed to reasonably accommodate her serious medical condition. To succeed on this claim, Kimberly Hunt-Brown must prove each of the following elements by a preponderance of the evidence:

(1) Kimberly Hunt-Brown suffers from a serious medical condition;

(2) Defendants know of Kimberly Hunt-Brown's serious medical condition;

(3) Kimberly Hunt-Brown requested an accommodation;

(4) the requested accommodation was reasonable;

(5) Kimberly Hunt-Brown could have performed the essential functions of her job as a procurement agent for GSD if she had been provided with the ability to work from home on the days that she could not drive to work because of the side effects of her medication that affected her balance and depth perception; and

(6) Defendants failed to provide the requested accommodation or other reasonable accommodation.

A "serious medical condition" under the Human Rights Act does not include temporary illnesses with minimal effects.

A "qualified individual" is one who, with or without reasonable accommodations, can perform the essential functions of the job. The term "essential functions" means the fundamental job duties of the employment position a plaintiff holds. The term does not include the marginal functions of the position.

In determining whether a job function is essential, you should consider the following factors: the employer's judgment as to which functions are essential; written job descriptions; the amount of time spent on the job performing the function; the consequences of not requiring the person to perform the function; the terms of a collective bargaining agreement; the work experience of persons who have held the job; the current work experience of persons in similar jobs; whether the reason the position exists is to perform the function; whether there are a limited number of employees available among whom the performance of the function is to be distributed; and whether the function is highly specialized and the individual in the position was hired for her expertise or ability to perform the function. You may also consider other factors.

The term "accommodation" means making modifications to the workplace that allow a person with a disability to perform the essential functions of the job, to attain the level of

performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies, the provision of qualified readers or interpreters and other similar accommodations for individuals with disabilities. There may be other reasonable accommodations.

Physical attendance in the workplace is itself an essential function of most jobs and an employee's request to work from home is unreasonable if the employer has decided that physical presence at the workplace is an essential function of the position. An employee's request to be relieved from an essential function of her position is not a reasonable accommodation.

If you find requiring Plaintiff to report to work unimpaired by alcohol or drugs is a bona fide occupational qualification, and that Plaintiff is impaired by her migraine medication at the times she has requested to work from home, you may find she has not requested a reasonable accommodation.

42 U.S.C. §§ 12111-12112; 29 C.F.R. § 1630.2(o) and (p); 3rd Cir. Model Civ. Jury Instr. Nos. 9.13 (2020) (modified*); Duffee v. T-Mobile USA, Inc*, 1:23-cv-536 MIS/LF (D.N.M)(October 2, 2023)(citing *Punt v. Kelly Servs*, 862 F.3d 1040, 1050-51 (10th Cir. 2017); *Ramos v. Smith's Food & Drug Centers, Inc.*, No. A-1-CA-39583, 2023 WL 7166174, *5 (N.M. Ct. App. Oct. 31, 2023)(unpublished); N.M.S.A. § 28-1-7(A)

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

If you find that Kimberly Hunt-Brown has proved all the elements I have described to you by a preponderance of the evidence, then you must consider GSD's defense.

GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez contend that providing an accommodation would cause an undue hardship on the operation of GSD's business. Under the HRA, GSD does not need to accommodate Kimberly Hunt-Brown if it would cause an 'undue hardship" to its business.

Defendants must prove to you by a preponderance of the evidence that permitting Kimberly Hunt-Brown the ability to work from home on days that she was impaired by migraine medication would be an "undue hardship." The term "undue hardship" means an action requiring significant difficulty or expense, when considered in light of the following factors.

An "undue hardship" is an action that would create significant difficulty or expense for the employer, considering: (1) the nature and cost of the proposed accommodation; (2) the employer's overall financial resources; (3) the effect of the proposed accommodation on expenses and resources; and (4) the impacts of the proposed accommodation on the employer's operations, including on the ability of the employee to perform her duties and on the employer's ability to conduct business.

If you find that Defendant have proved by a preponderance of the evidence that the requested accommodation would be an undue hardship, then you must find for GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez.

3rd Cir. Model Civ. Jury Instr. Nos. 9.13 (2020) (modified); 42 U.S.C. §§ 12111-12112; 29 C.F.R. § 1630.2

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

Kimberly Hunt-Brown claims that Defendants retaliated against her because she took steps to enforce her lawful rights under federal and state law prohibiting discrimination based on serious medical condition in workplace.

The law that prohibits discrimination in the workplace also prohibits an employer from retaliating against an employee because that employee has asserted rights or made complaints under that law, otherwise known as engaging in "protected activity."

Kimberly Hunt-Brown claims that Defendants refused to promote her and subjected her to a hostile work environment by scrutinizing her more closely and denying her leave and training because she sought leave, sought an accommodation, and filed charges of discrimination and retaliation with the New Mexico Human Resources Bureau.

Defendants deny Plaintiff's claim and assert that the candidates they selected interviewed better and had experience better suited to the positions and that normal management conduct complained of was not sufficiently severe or pervasive to alter the terms and conditions of the Kimberly Hunt Brown's employment nor did it create an abusive working environment.

To succeed on her claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

(1) Plaintiff engaged in protected activity by seeking leave and an accommodation, and by filing charges of discrimination and retaliation with the New Mexico Human Resources Bureau; and

(2) GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez failed to promote her and subjected her to a hostile work environment; and

(3) GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez failed to promote Kimberly Hunt-Brown and subjected her to a hostile work environment because she engaged in protected activity.

You need not find that the only reason for GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez's decisions was Kimberly Hunt-Brown's protected activity. But you must find that GSD, Eunice Moya, Valerie Paulk, and Natalie Martinez's decisions not to promote her and to subject her to a hostile work environment would not have occurred in the absence of—but for—her protected activity.

5th Cir. PJI 11.11 (modified)

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

Plaintiff Kimberly Hunt-Brown claims that she was entitled to time off from work under the FMLA, and that Defendants interfered with her entitlement to that time off by delaying the recertification of her FMLA leave.

Defendants deny Plaintiff's claims and contend that Plaintiff was never denied leave and was instead granted all of the days off that she requested despite the fact that she had not yet provided her recertification or updated FMLA paperwork.

The FMLA entitles eligible employees to take up to twelve weeks of unpaid leave during any twelve-month period for several reasons, including the employee's own serious medical condition that makes her unable to perform the essential functions of her position.

An employee is required to give notice to the employer indicating when she requires FMLA leave. The regulation implementing the FMLA permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural requirements. The regulation implementing FMLA expressly permits employers to require recertification of FMLA qualifying medical conditions on a reasonable basis and at reasonable intervals. Where an employee does not comply, and no unusual circumstances justify the noncompliance, FMLA-protected leave may be delayed or denied.

5th Cir. PJI 11.19 (modified);  29 U.S.C. § 2612; 29 U.S.C. § 2613(e); 29 C.F.R. § 825.112.

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

In order for Kimberly Hunt-Brown to prove her claim that the Defendants interfered with her right to take FMLA leave in violation of the FMLA, she must prove by a preponderance of the evidence:

1. She was entitled to time off from work because she had a "serious health condition" that made her unable to perform the functions of her employment position;

2. Some adverse action by the Defendants interfered with her right to take time off work; and

3. The Defendants' action was related to Kimberly Hunt-Brown's exercise or attempted exercise of her FMLA rights.

If you find that Kimberly Hunt-Brown has failed to prove one or more of these propositions by a preponderance of the evidence, then you must find against her on her interference claim and in favor of the Defendants.

If, on the other hand, you find that Kimberly Hunt-Brown has proved all these elements by a preponderance of the evidence, then you must find in favor of Kimberly Hunt-Brown.

29 U.S.C. § 2615(a)(1); *Rodriguez- Ortega v. Rich, et al*, 1:21-cv-1129 JCH/KK (D.N.M.)(September 26, 2024), p. 16 (citing *Tadlock v. Marshall County HMA, LLC*, 603 F. App'x 693, 709 (10th Cir. Feb. 25, 2015)).

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

In order to satisfy the "adverse action" requirement for purposes of an FMLA interference claim, Kimberly Hunt-Brown must show that she was either:

- Terminated from employment.

- Prevented from taking the full 12 weeks of leave guaranteed by the FMLA.

- Denied reinstatement following leave.

- Denied initial permission to take leave.

*Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007).

## DEFENDANTS' REQUESTED INSTRUCTION NO. ___

If you found that Defendants violated the FMLA, then you must determine whether they caused Plaintiff damages and, if so, the amount, if any, of those damages.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You may award as damages any actual monetary losses Plaintiff sustained as a direct result of Defendants' violation of the FMLA, such as the cost of providing care.

5th Cir. PJI 11.23

**DEFENDANTS' REQUESTED INSTRUCTION NO. \_\_\_**

The Human Rights Act makes it unlawful for an employer to discriminate against an individual 40 years or older because of her age. An employer violates the Human Rights Act if it fails to promote an otherwise qualified person based on age. An employer may not promote a person, however, if the action is based on a bona fide occupational qualification.

Kimberly Hunt-Brown alleges that GSD failed to promote her to the position of I.T. Procurement Specialist because of her age.

GSD denies this claim because the hiring panel selected the employee for the position based on their qualifications and performance during the interview, and the decision had nothing to do with the ages of the candidates.

U.J.I. 13-2307 NMRA (modified).

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

To establish that GSD discriminated against Kimberly Hunt-Brown based on Kimberly Hunt-Brown's age, she has the burden of proving the following:

(1) that Kimberly Hunt-Brown was "otherwise qualified" for the IT Procurement Specialist position;

(2) that GSD did not promote Kimberly Hunt-Brown to this position; and

(3) that GSD would have promoted Kimberly Hunt-Brown but for her age.

(4) If you disbelieve the reasons GSD has given for not promoting Kimberly Hunt-Brown, you may infer that GSD took this action because of her age.

A person is "otherwise qualified" if she is able to do the job in spite of her age

If any of the above elements has not been proved, your verdict must be for GSD.

U.J.I. 13-2307(A) NMRA; 13-2307(J) (NMRA); 8th Cir. Civil Jury Instr. 6.40 ADEA – Elements of Claim (2021); *Gross v. FBL Financial Services, Inc*., 129 S. Ct. 2343 (2009); *Slusser v. Vantage Builders, Inc.,* 2013-NMCA-073, ¶ 25, 306 P.3d 524, 534

**DEFENDANTS' REQUESTED INSTRUCTION NO. ___**

To establish a violation of the New Mexico Minimum Wage Act, Plaintiff must prove that on September 6, 2024, she was not paid the minimum wage and was:

(1)    Required by her employer to work outside of her normal work schedule, or

(2)    That she worked outside her normal work schedule with her employer's knowledge and consent and was pressured by her employer to perform work outside her normal work schedule.

On September 6, 2024, the minimum wage in New Mexico was $12.00 per hour.

If Plaintiff proves Defendant(s) violated the Minimum Wage Act, you may award Plaintiff damages in an amount to equal the minimum wage for hours worked on September 6, 2024.

If you find that Plaintiff was paid the minimum wage or worked outside her normal work schedule without her employer's authorization, you must find for the Defendants.

N.M.S.A. § 50-4-22(A)(5)

*N.M. Dept. of Labor v. A.C. Elec. Inc.*, 1998-NMCA-141, ¶ 1

Respectfully submitted,

**JACKSON LOMAN DOWNEY
& STEVENS-BLOCK, P.C.**

By: /s/ *Eric Loman*_____
Eric Loman
Sarah Downey
Counsel for Defendants
201 Third St. N.W., Ste. 1500
Albuquerque, NM 87102
(505) 767-0577
eric@jacksonlomanlaw.com

I certify the foregoing was filed via the Court's
CM/ECF system on January 20, 2026, which
causes all counsel of record to be served electronically.

By: /s/ *Eric Loman*_____
         Eric Loman