**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


KIMBERLY HUNT-BROWN,

     Plaintiff,

v.                                   No. 1:23-cv-00782-SMD-KK

NEW MEXICO GENERAL
SERVICES DEPARTMENT, et al.,

     Defendants.

**<ins>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND</ins>**

     **THIS MATTER** is before the Court on Plaintiff Kimberly Hunt-Brown's ("Plaintiff's") motion to remand the suit to the First Judicial District Court for the State of New Mexico.  Doc. 147 ("Mot. for Remand").  Defendants filed their response and Plaintiff replied.  *See* Doc. 148 ("Defs.' Resp."); Doc. 149 ("Pl.'s Reply").  Upon careful review of the law and relevant facts, the Court **GRANTS** Plaintiff's motion for remand.

**BACKGROUND**

     Plaintiff filed suit against Defendants on August 15, 2023, in the First Judicial District Court, Santa Fe County, in the State of New Mexico.  Doc. 1 at 1.  Plaintiff alleged that Defendants violated the Family and Medical Leave Act ("FMLA") and New Mexico Human Rights Act ("NMHRA").  29 U.S.C. § 2601; N.M. Stat. Ann. § 28-1-7 (2024).  On September 13, 2023, Defendants removed this case to federal court on federal question jurisdiction.  *Id.*  The parties proceeded with discovery and, following its conclusion, filed cross motions for summary judgment.  *See* Docs. 98, 99, 100.  At the time these motions were filed, trial was set for March 9, 2026.  *See* Doc. 69.  Both parties submitted exhibit lists, witness lists, and motions in limine in

1

preparation for conference.  However, the Court held a scheduling conference on January 27, 2026, and reset trial for May 4, 2026.  Doc. 143.  On February 6, 2026, the Court granted Defendants' motion for summary judgment as to all but one of Plaintiff's claims—the allegation that Defendants' failure to accommodate her disability violated the NMHRA.  Doc. 146 ("Order").  No federal claims remain.  *See id.*

Plaintiff now seeks remand to the First Judicial District Court for Santa Fe, New Mexico.  Mot. for Remand at 5.  Plaintiff argues that "there exists no good reason for this Court to continue to exercise supplemental jurisdiction over the remaining state law claims."  *Id.* at 3.  Regarding the efforts already expended on pretrial filings, Plaintiff underscores that the Court's summary judgment decision "substantially changed the case so parties will have to prepare these trial documents again."  *Id.* at 4.  Plaintiff posits that reworking these filings means "there will be no efficiency or economy from remaining in federal court, versus having to prepare them again in state court."  *Id.*  Defendants oppose remand.  *See* Defs.' Resp.  They anticipate that securing a new trial date in state court will only prolong the already protracted litigation.  Defendants also highlight that Plaintiff's current position conflicts with her prior opposition to delaying trial.  *Id.* at 1.  Lastly, Defendants argue that because New Mexico courts rely on federal law in interpreting failure to accommodate claims under the NMHRA, there is little risk of the Court muddying the waters of state law if it retains jurisdiction.  *Id.* at 4.

## LEGAL STANDARD

The decision to exercise supplemental jurisdiction is "purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  The supplemental jurisdiction statute, 28 U.S.C. § 1367, articulates four relevant factors for conducting this analysis: whether (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the

claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Plaintiff's motion to remand arises out of the third scenario—whether the Court should exercise supplemental jurisdiction over her state claim following its dismissal of her federal claims. To answer that question the Court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010). Typically, the balance of these interests compels remand. As the Supreme Court explained in *Gibbs*, when "federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998). This practice effectuates the core federalist principle "that a state court try its own lawsuits." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). Still, remand is not mandatory. A court may retain jurisdiction over the state law claims if judicial economy and fairness provide compelling reasons to do so. *Brooks*, 614 F.3d at 1230.

## DISCUSSION

The sole issue left in this suit is Plaintiff's claim that Defendants failed to accommodate her disability and therefore violated the New Mexico Human Rights Act. Though the NMHRA is a state statute, New Mexico courts look to federal precedent from the American with Disabilities Act ("ADA") when deciding failure to accommodate claims. *See Trujillo v. N. Rio Arriba Elec.*

*Coop.*, 41 P.3d 333 (N.M. 2001); *Goodman v. OS Rest. Servs., LLC*, 461 P.3d 906, 914 (N.M. Ct. App. 2019). Defendants thus urge that the Court can decide Plaintiff's case without overstepping into the province of state courts. The Court disagrees. Although concerns of comity are lessened here, they are not wholly absent. *Compare Birdwell v. Glanz*, 790 F. App'x 962, 964 (10th Cir. 2020) (reversing district court's exercise of supplemental jurisdiction and remanding case to state court when all that remained was "an undecided issue of state law, involving interpretation of an assumption stated in a footnote to a recent opinion of the Oklahoma Supreme Court"), *with New Mexico v. Gen. Elec. Co.*, 335 F. Supp. 2d 1157, 1179 (D.N.M. 2003) (finding that novelty of state law questions "carr[ied] less than their usual weight given the dependency of the state claims upon definition supplied pursuant to [federal law]"). Federal courts must always avoid rendering "[n]eedless decisions of state law . . . both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. If this Court exercises supplemental jurisdiction, its decision will not create binding precedent for New Mexico courts. Nor is it in the best position to predict exactly how the New Mexico legislature intended for the NMHRA to operate. This case is therefore better suited for state court. Proceeding in that forum will enable New Mexico courts to create persuasive and binding precedent for future NMHRA litigants that aligns with the law's animating purpose. Federal courts simply cannot do the same. *Merrifield v. Bd. of Cnty. Comm'rs for Cnty. of Santa Fe*, 654 F.3d 1073, 1086 (10th Cir. 2011).

The Court finds that Defendants' worries about judicial economy do not overcome these federalist principles. For one, remand is often granted after the summary judgment stage. "When defendants properly obtain summary judgment on all federal claims, 'we have declined to exercise our supplemental jurisdiction over issues of state law, and instead, when in the interests of comity

and justice, remanded with instructions to dismiss.'" *Birdwell*, 790 F. App'x at 964 (quoting *Est. of Reat v. Rodriguez*, 824 F.3d 960, 967 (10th Cir. 2016)).  Indeed, the Tenth Circuit has repeatedly reversed district courts for retaining jurisdiction over state law claims following a grant of summary judgment on federal claims.  *See, e.g.*, *id.* (reversing district court's decision to exercise supplemental jurisdiction over state-law claim following grant of summary judgment on federal claims); *Aery v. Bd. of Cnty. Comm'rs of Tulsa Cnty.*, 696 F. App'x 360, 361 (10th Cir. 2017) (reversing district court for granting summary judgment on a state tort claim after dismissal of all federal claims); *Brooks*, 614 F.3d at 1229–30 (finding that district court erred in granting summary judgment against plaintiff on state tort law claim because only the state-law issue was left for decision).

Although trial is approaching in this case, proceeding in state court will necessitate few duplicative efforts.  The Court has not ruled on the motions in limine, made any evidentiary findings, or admitted witnesses.  And in either forum, the parties will need to amend their motions to accord with the Court's grant of summary judgment (as evidenced by Defendants' recent request to amend their motion in limine (Doc. 151)).  The only identifiable advantage this Court compared to a New Mexico court is its familiarity with the case.  But with one claim left in the suit, and a straightforward factual record, the court can easily acquaint itself with the relevant law and facts.[1]  Thus, "[t]here is no guarantee that the Court can, even with its experience in the case, do the work better or faster than the state court." *Salazar v. San Juan Cnty. Det. Ctr.*, 301 F. Supp. 3d 992, 1004

---

[1] Defendants primarily rely on *Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74 (10th Cir. 2011) in their response.  *See* Defs.' Resp. at 2–3.  There, the Tenth Circuit affirmed the district court's refusal to remand where the parties had "filed a Joint Status Report and Provisional Discovery Plan, prepared and served disclosure statements as required by [Fed.] R. Civ. P. 26(a), attended a scheduling conference, exchanged written discovery, taken multiple depositions, participated in a telephonic status conference, and designated expert witnesses" and a trial date had been set.  *Id.* at 79.  The court found that "[b]ecause the district court did not make any erroneous conclusions of law or fact, we uphold its discretionary choice to refuse to remand this case to state court."  *Id.*  But finding that the district court did not err in exercising supplemental jurisdiction does not dictate the inverse, i.e. that it would have abused its discretion if it chose to remand.

(D.N.M. 2017). The Court therefore finds that "the interest in comity—leaving to the states to decide novel questions of state-law—clearly predominates here" and declines to exercise supplemental jurisdiction over Plaintiff's NMHRA claim. *Merrifield*, 654 F.3d at 1086.

## CONCLUSION

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Opposed Motion to Remand, Doc. 147, is **GRANTED**;

(2) The case is remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**